IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patsine Blount-Ferguson, ) | Civil Action No.: 4:13-cv-1951-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Agape Community Hospice of the ) | |
| Pee Dee, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Consolidate, filed on March 23, 2015. *See* Pl.'s Mot., ECF No. 63. In her motion, Plaintiff asserts that the above captioned action should be consolidated with the case of *Jeraldine Bacote v. Agape Community Hospice of the Pee Dee, Inc.*, No. 4:13-cv-1516-BHH ("the Bacote case"). *See* ECF No. 63 at 1. The Bacote case is pending before United States District Judge Bruce Howe Hendricks.[1] Plaintiff asserts that there are common defendants in both cases, and consolidation would promote convenience and judicial economy as the factual and legal issues in the cases are "virtually identical." *See id.*

Defendant timely filed a response in opposition on March 25, 2015, requesting that the Court deny Plaintiff's motion. *See* Def.'s Resp., ECF No. 65. Defendant argues that Plaintiff has failed to meet her burden under Rule 42(a) of the Federal Rules of Civil Procedure. *See* ECF No. 65 at 5–6 (citing Fed. R. Civ. P. 42(a)). Defendant argues that the mere fact that there are common issues of law or fact does not require consolidation. *See id.* at 6. Defendant then contends that Plaintiff's

---

[1] The Court takes judicial notice of this other matter. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

motion should be denied because of possible prejudice to Defendant due to the likelihood of confusion in the minds of the jurors.  *See id.* at 8–10.

## DISCUSSION

Neither party cites something critical to the Court's decision, specifically both Plaintiff and Defendant's responses to the D.S.C. Local Rule 26.01 Interrogatories (and most importantly Plaintiff's).  In both of these filings, the parties answered no to the question: "Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?"  *See* Pl.'s 26.01 Responses, ECF No. 3 at 2; Def.'s 26.01 Responses, ECF No. 6 at 2.  In other words, Plaintiff specifically indicated that there was no other action related in whole or in part to any other action in this district, and Defendant agreed.   This is particularly concerning in light of the fact that the Bacote case was filed before this action.  The Bacote case was filed on June 4, 2013, while the above captioned action was filed on July 16, 2013.  Furthermore, the parties likewise indicated in their Rule 26.01 responses in the Bacote case that the Bacote case was not related in whole or in part to any other matter filed in this District.[2]

The purpose of the Rule 26.01 Interrogatory inquiring about related cases is to notify the Court of the potential need to entertain a motion to consolidate at some point.  Moreover, it is designed to avoid this precise situation where potentially related cases are assigned to different District Judges.  The parties could potentially present the same question, whether the cases should be consolidated, to different Judges, who could then issue inconsistent orders.  In fact, apparently the record indicates that a motion to consolidate was filed in the other case also and then withdrawn when

---

[2] The Court takes judicial notice of Plaintiff's 26.01 Responses, ECF No. 3, and Defendant's 26.01 Responses, ECF No. 8, in the Bacote case.

the undersigned shortened the response time. Accordingly, the Court finds the parties should be bound by their representations that this action is not related to any other case.

Moreover, in any event, the Court also finds that Plaintiff has failed to meet her burden under Rule 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). District courts enjoy broad discretion under Rule 42(a) to consolidate cases pending in the same district. *Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). When considering consolidation, the Fourth Circuit has stated that the District Court should analyze: (1) the specific risks of prejudice and possible confusion as against the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id.*; *see also Dittus v. KEG, Inc.*, No. 3:14-00300-JFA, 2014 WL 6749183 (D.S.C. Dec. 1, 2014) (same). "In other words, consolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice.'" *Workman v. Nationwide Mut. Ins. Co.*, No. 4:12-cv-02567-JMC, 2013 WL 2285937, at *3 (D.S.C. May 23, 2013) (quoting *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 520 (D. Md. 2001)).

The Court finds that, because there are two different plaintiffs and sufficiently different facts are alleged, consolidation of this matter with the Bacote case is not appropriate. The *Arnold* factors weigh in favor of denying consolidation.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to consolidate is **DENIED**. The Clerk of Court is instructed to ensure that Judge Hendricks receives a copy of this order in the event the parties file a motion to consolidate in the Bacote case.

**IT IS SO ORDERED.**

                                               s/ R. Bryan Harwell
                                               R. Bryan Harwell
                                               United States District Judge

Florence, South Carolina
March 27, 2015